# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. LARRY HUSTON, **Defendant.** | Case No. CR10-0071 **ORDER FOR PRETRIAL DETENTION** |

On the 3rd day of August, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Cory Goldensoph.

## RELEVANT FACTS

On July 28, 2010, Defendant Larry Huston was charged by Indictment (docket number 3) with being a felon in possession of firearms. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 27, 2010.

Sergeant Amy Ford of the Anamosa Police Department testified regarding the circumstances underlying the instant charge. On December 11, 2008, Officer Hagmeyer of the Anamosa Police Department observed Defendant leaving a bar carrying a shotgun case. Defendant denied that the gun was his, and told the officer that he was simply helping a friend, who had been deer hunting, unload his jeep. Defendant denied having any guns in his possession. Defendant then consented to a search of his residence.

A search of Defendant's residence revealed three long guns found in the kitchen area. Defendant said they belonged to his roommate, John Repici. Repici, who is a

1

co-Defendant in this case, told officers that two of the weapons belonged to him, but the third weapon belonged to Defendant. Matt Gerdes, who is the owner of the third shotgun, told officers that he loaned the gun to Defendant a couple of years earlier to go hunting, but the weapon was never returned.

According to the pretrial services report, Defendant is 42 years old, has never been married, and has no children. He has lived in the Anamosa, Iowa, area all of his life, with the exception of a three-year period when he lived in California. Defendant earned a GED and also earned a certificate in graphic arts from Southeastern Community College. Defendant is self-employed in the construction business. Defendant did not report any physical or mental health problems, and denies the use of controlled substances.

Defendant has a substantial criminal record, dating back to 1986. In 1988, Defendant was sentenced to prison for forgery. When initially given work release, Defendant committed theft in the fourth degree. When placed on work release a second time, Defendant committed the crime of theft in the third degree. Defendant apparently walked away from a halfway house and was returned from escape status in December 1990. Defendant was paroled with immediate discharge in March 1992.

In July 1992, Defendant was charged with forgery and burglary. Defendant was sentenced to 15 years in prison on each charge. When Defendant was placed on work release the first time, he was charged with theft in the second degree. Twelve days later, Defendant walked away and was placed on escape status. Defendant was also charged with interference with official acts and returned to prison.

Defendant was paroled in December 1998. In February 1999, Defendant was charged with theft in the second degree. In March 1999, Defendant was charged with forgery. Defendant's parole was revoked in October 1999.

In August 2001, Defendant was placed on work release. Defendant signed out of the residential facility and did not return, however, and was charged with escape. Defendant was arrested in California and returned to Iowa in January 2002. Defendant

was placed on work release again in September 2002, was paroled in January 2003, and was discharged from parole in August 2003.

Defendant apparently did well following his parole in 2003, until he was arrested in April 2010 for operating a motor vehicle while intoxicated. While that charge was pending, Defendant was charged with public intoxication. Defendant was subsequently convicted on both charges.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case,

Defendant is charged with being a felon in possession of firearms, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of firearms as a felon. The weight of the evidence would appear to be strong. The weapons were found in Defendant's kitchen. Co-Defendant John Repici accepted responsibility for

two of the weapons, but told officers that the third weapon belonged to Defendant. This testimony is confirmed by the owner of the shotgun, Matt Gerdes, who told officers that he gave the weapon to Defendant a couple of years earlier to go hunting. The Court is particularly concerned in this case regarding Defendant's history of repeatedly failing to appear and numerous escapes. Defendant has demonstrated that when times get tough, he takes off. On one occasion, Defendant fled to California and was arrested there. Defendant is single, has no children, owns no property, and is self-employed. The Court believes that there is a substantial chance that Defendant would not appear for further court proceedings.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 29, 2010) to the filing of this Ruling (August 3, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 3rd day of August, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA